UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In Re:

Chapter 11

Case No. 11-11782 (ALG)

BUZZ PARKING II, LLC,

**NOTICE OF MOTION FOR AN
ORDER PURSUANT TO 11
U.S.C. SECTION 362 TO**

Debtor.

**VACATE AUTOMATIC STAY**

------------------------------------------------------X

PLEASE TAKE NOTICE, that upon the annexed application, the annexed

affidavit of RALPH COSTIGLIOLA, dated the __6TH__ day of May 2011, and upon all

other papers annexed hereto, the undersigned Landlord-Creditor, 152 Elizabeth Street,

LLC, will move before the Honorable Allan L. Gropper, United States Bankruptcy Judge,

at Courtroom 617, located at the United States Bankruptcy Court, One Bowling Green,

New York, New York, on the __24__ day of May 2011, at 10:00 AM o'clock in the

afternoon of that day, or as soon thereafter as counsel may be heard, for an Order as

follows:

1.      Pursuant to 11 U.S.C. Section 362(d)(1), vacating,

terminating and annulling the automatic stay for cause for failure to provide adequately

protection and/or due to the fact that the subject property is not necessary to effect a

reorganization and permit the landlord to prosecute its summary proceedings to recover

possession of the subject commercial premises;

2.      Pursuant to 11 U.S.C. Section 362(e), consolidating the preliminary and

3.     Deeming the lease to be rejected pursuant to 11 U.S.C. 365 (c)(B)(3) as it has been terminated prior to the filing of the petition under non bankruptcy law; Terminating and annulling the automatic stay as the lease is no longer property of the estate pursuant to 11 U.S.C. 362(c)(1);

4.     Pursuant to 11 U.S.C. Section 363(e), directing debtor and/or the trustee to pay immediately to landlord all post-petition use and occupancy charges which have accrued since April 18, 2011, and to pay landlord use and occupancy on a monthly basis on the first day of each month, pending a final determination of the relief requested herein;

5.     Awarding landlord its reasonable attorneys' fees together with the costs and disbursements of this motion; and

6.     Granting landlord such other and further relief as this Court may deem just, proper and equitable under the circumstances.

PLEASE TAKE FURTHER NOTICE, that answering papers, if any, must be served upon the undersigned at least three (3) business days prior to the return date of this motion and must be filed with the Bankruptcy Court at least one (1) business day prior to such return date.

Dated: New York, New York
       May 2, 2011

Yours, etc.,

SPERBER, DENEBERG & KAHAN, P.C.
Attorneys for Movant 152 Elizabeth Street, LLC

By:_____
     JAMES MANTIA
     JCM 9482
     48 West 37th Street
     16th Floor
     New York, New York 10018
     917-351-1335

TO:    OFFICE OF THE UNITED STATES   TRUSTEE
       Southern District of New York
       33 Whitehall Street, 21st Floor
       New York, New York 10004-2112
       (212) 510-0500

       Gabriel Del Virginia, Esq.
       Attorney for the Debtor
       488 Madison Avenue
       19th Floor
       New York, New York 10022
       212-371-5478

       Jeffrey S. Dubin, Esq.
       Attorney for Local 272 Pension & Welfare Funds, creditors
       464 New York Avenue
       Suite 100
       Huntington, New York 11743

       COURTESY COPY MAILED TO:
       Hon. Allan L. Gropper
       One Bowling Green
       New York, New York 10004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:

    BUZZ PARKING II, LLC,

Chapter - 11

Case No. 11-11782 (ALG)

**APPLICATION IN SUPPORT
OF LANDLORD'S MOTION
TO VACATE STAY**

Debtor.

------------------------------------------------------------X

PLEASE TAKE NOTICE, that upon the annexed application, the annexed

affidavit of Ralph Costigliola, managing agent for 152-154 ELIZABETH STREET L.L.C.

(the "Landlord") of real property known as and by 14-24 Kenmare Street, New York, New

York (the "building"), respectfully alleges, by its attorneys, SPERBER, DENEBERG, AND

KAHAN, P.C. by JAMES C. MANTIA, ESQ. as follows:

1.      On April 18, 2011, Debtor filed a Petition under Chapter 11 of Title 11, of

the United States Bankruptcy Code.

2.      Debtor is the commercial tenant of a portion of the premises of the building

located at 14-24 Kenmare Street, New York, New York, as defined by the lease (the

"Lease") between Landlord, 152-154 Elizabeth Street, LLC (hereafter "Landlord") and

Debtor, which commenced on August 1, 2006 and which expires on July 2026. See copy

of the lease is annexed hereto as **Exhibit "A"**

3.      Debtor has defaulted in payment of pre-petition rent and additional rent for

the period from February 2010 through and including April 18, 2011 in the amount of

$14,928.00 and post-petition rent and additional rent totaling $55,281.00 for the period of

April 19, 2011 through May 30, 2011. A copy of the Landlord's rent history is annexed

hereto as Exhibit "B"

4.      Debtor will continue to accrue post-petition use and occupancy and/or rent

charges for the subject premises until such time that it vacates the subject premises.

5. On or about March 10, 2010, a nonpayment proceeding was commenced under in the Civil Court of the City of New York, County of New York under index number 59328/10, against the Debtor (hereafter "non-payment proceeding") <u>See</u> copy of the Notice of Petition and Petition is annexed hereto as **Exhibit "C"**.

6. The Debtor filed an answer and appeared by counsel in that proceeding. A copy of the Debtor's answer is annexed hereto as Exhibit "D".

7. The Landlord and the Debtor reached a settlement of the non-payment proceeding which was executed by the parties and so-ordered by the court on April 27, 2010. A copy of the parties' stipulation is annexed hereto as Exhibit "E".

8. Pursuant to the terms of the stipulation, the Debtor consented to a final judgment in the amount of $140,392.63 and the issuance of a warrant of eviction forthwith. The execution of the warrant was stayed for the Debtor to make payments towards the arrears in the amount stated in the stipulation.

7. According to state law upon the termination of the Debtor's lease by the Landlord and due to the fact that a warrant of eviction issued the landlord tenant relationship with the Debtor was extinguished.

8. Despite the length of time given to the Debtor in order to pay off the debt, the debt failed to make ongoing monthly rental payments, Debtor failed to make payments required by the stipulation, and pay off the substantial arrears which have accumulated including failing to pay post-petition rent subsequent to filing the within Chapter 11 petition.

9. Based on the Debtor's existing default for the pre-petition rent which was the substance of the non-payment proceeding, the magnitude of the arrears that are owed to the Landlord to date and based upon the Debtor's failure to pay post petition rent it appears that the Debtor cannot adequately protect the interests of the Landlord

10. Landlord is being severely prejudiced by its inability to collect its rent and/or use and occupancy charges and/or recover possession of the subject premises.

11.    For the foregoing reasons, the automatic stay should be vacated. (A copy of the proposed Order vacating the stay is annexed hereto as **Exhibit "F".**) If the stay is not vacated, then pursuant to 11 U.S.C. Section 365, Debtor should be ordered to cure immediately all defaults in its payment of rent and/or use and occupancy charges.

12.    Furthermore, pending the final determination of this proceeding, this Court should order Debtor and/or any Trustee appointed to continue to pay all use and occupancy charges for the subject premises to 152-154 ELIZABETH STREET, LLC as same become due on the first day of each month.

## THE AUTOMATIC STAY SHOULD BE VACATED AS TO THE LANDLORD

13.    Title 11 of the United States Code §362(d) provides in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided . . .
>
> 1.    for cause, including the lack of adequate protection of an interest in property of such party interest;
>
> 2.    with respect to a stay of an act against property under subsection (a) of this section, if:
>
> > (A)    the debtor does not have equity in such property; and
> >
> > (B)    such property is not necessary to an effective reorganization. (Emphasis added).

### THE DEBTOR HAS FAILED TO ADEQUATELY PROTECT THE LANDLORD'S INTERESTS

14.    The Landlord is entitled to relief from the automatic stay pursuant to Section 362(d)(1) of the U.S. Bankruptcy Code in that Debtor cannot show that the Landlord's interest in the property is adequately protected.

15.     The Bankruptcy Court of the Southern District has stated, "[W]here the plaintiff seeks to lift the automatic stay pursuant to 11 U.S.C. 362(d)(1) for cause including the lack of adequate protection of the plaintiff's interest in the collateral in question, the debtor must prove facts sufficient to deny the plaintiff's request for relief." In Re: Domestic Fuel Corp., 70 B.R. 455, 463 (Bankr. S.D.N.Y. 1987); See, 11 U.S.C. Section 362(g).

16.     The courts have held that the failure of a Debtor to pay post-petition rent to a lessor constitutes sufficient cause to merit a lessor's relief from the automatic stay for lack of adequate protection. See In re P.J. Clarke's Restaurant Corp. 265 B.R. 392 (SDNY 2001); In re MS Freight Distribution, Inc., 172 B.R. 976, 980 (Bankr.W.D.Wash.1994)

17.     The Landlord would also respectfully refer this court to the decision of In re Watkins, Not Reported in F.Supp.2d, 2008 WL 708413 (E.D.N.Y.) which address nearly identical issues to the present application for relief from the automatic stay and dismissal of this proceeding.

18.     With respect to the Landlord's application to vacate the automatic stay in the Chapter 13 proceeding in Watkins, supra. the United States District Court of the Eastern District of New York held that the bankruptcy court properly applied the standard set forth in In re Sonnax Industries, 907 F.2d 1280 (2d Cir.1990) for granting the Landlord's application for relief from the automatic stay.

19.     The court in Watkins, supra noted that that the continuation of a pre-petition eviction proceeding usually will not interfere with a bankruptcy case. Citing In re Touloumis, 170 B.R. 825, 828 (Bankr.S.D.N.Y.1994) (granting a landlord relief from the automatic stay because the eviction of the debtor-tenant will have no discernable impact on the debtor's bankruptcy case).

20.     Further the court in Watkins, supra also determined that the Debtor's failure to pay post-petition rent and inability to make future rent payments constituted sufficient cause to vacate the automatic stay for lack of adequate protection. Citing In re Musikahn

Corp., 57 B.R. 942 (Bankr.E.D.N.Y.1986); In re James, 198 B.R. 885, 890

(Bankr.W.D.Pa.1996)

21.     It is respectfully submitted that based on the commencement of the

Landlord's non-payment with the Debtor, the Debtor's persistent non-payment of rent, the

fact that the Debtor has accumulated substantial arrears which originate from March 2010,

the Debtor's failure to thus far make regular monthly payments to Landlord, the significant

amount of rental arrears due, the lack of Debtor's ability to pay same or show any change

of financial circumstances the Landlord is not being adequately protected as required by

11 U.S.C. 362(d)(1), and is entitled to relief from the automatic stay for cause.

## THE LEASE SHOULD BE DEEMED REJECTED AND THE AUTOMATIC STAY VACATED AS IT IS NO LONGER PROPERTY OF THE ESTATE

22.     Pursuant to New York State Law, upon the entry of a judgment and the

issuance of a warrant of eviction, the landlord-tenant relationship is annulled.

23.     Section 749(3) of the Real Property and Procedures Law states, in

pertinent part, that

> The issuing of a warrant for the removal of a tenant
> cancels the agreement under which the person removed
> held the premises, and annuls the relation of landlord
> and tenant, but nothing herein shall deprive the court of
> the power to vacate such warrant for good cause shown
> prior to the execution thereof.

24.     Furthermore, New York State Law also states that upon the entry of a

judgment and the issuance of a warrant of eviction, the Landlord cannot be compelled to

accept rent from the Debtor. 615 Nostrand Ave. Corp. v. Roach, 832 N.Y.S.2d 379 (App.

Term, 2nd Dept. 2006); Wren Props. of Nassau v. Taveras, N.Y.L.J., Sept. 30, 1999 (App.

Term, 2d & 11th Jud. Dists.)

25.     In addition, the Landlord is under no obligation to accept a post judgment

partial tender of rent. Turken v. Smith, N.Y.L.J., December 1, 1998 (App. Term, 1st Dept.)

26.     11 U.S.C. 365 (c)(B) (3) provides that:

The trustee may not assume or assign any executory

contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if--... (B)(3)- such lease is of nonresidential real property and has been terminated under applicable non-bankruptcy law prior to the order for relief.

27.   Since the lease has been terminated under state law by the issuance of a warrant of eviction, the trustee can not assume the lease in this proceeding. Once there is a rejection of the lease, the lease is no longer is property of the estate.

28.   11 U.S.C. 361 (c)(1) provides that the automatic stay should be vacated as to items that are no longer the property of the estate.

29.   For the above mentioned reasons, relief from the automatic stay is warranted to allow the Landlord to recover possession of the premises

## THE SUBJECT PREMISES IS NOT PROPERTY NECESSARY TO EFFECT A REORGANIZATION OF THE DEBTOR

30.   Section 362(g) of the Bankruptcy Code expressly provides that it is the debtor's burden of proof to demonstrate that the property at issue is necessary to an effective reorganization. United Savings Association of Texas v. Timbers of Inwood Forest Associates,Ltd., 484 U.S. 365, 375 (1988); See, 11 USC Section 362(d)(b).

31.   Since the lease has been terminated by virtue of the Landlord's service of a default notice and a warrant of eviction has issued as part of the non-payment proceeding against the debtor, the lease is not property of the Debtor's estate.

32.   In light of the fact that Debtor's estate no longer has a viable interest in the subject property due to the fact that the lease of the debtor was terminated, the subject property is not necessary for the reorganization of the debtor.

33.   For the above mentioned reasons, relief from the automatic stay is warranted as the Debtor has failed to adequately protect the Landlord's interests, the

lease between the parties is not part of Debtor's estate, and the subject premises is not necessary to effect a reorganization of the Debtor.

WHEREFORE, the landlord requests and order:

1.      Pursuant to 11 U.S.C. Section 362(d)(1), vacating, terminating and annulling the automatic stay for cause for failure to provide adequate protection and permitting landlord to recover possession of the subject commercial premises;

2.      Pursuant to 11 U.S.C. Section 362(e), consolidating the preliminary and final hearing;

3.      Deeming the lease to be rejected pursuant to 11 U.S.C. 365 (c)(B)(3) as it has been terminated prior to the filing of the petition under non bankruptcy law; Terminating and annulling the automatic stay as the lease is no longer property of the estate pursuant to 11 U.S.C. 362(c)(1);

4.      Pursuant to 11 U.S.C. Section 363(e), directing debtor and/or the trustee to pay immediately to landlord all post-petition use and occupancy charges which have accrued since April 18, 2011, and to pay landlord use and occupancy on a monthly basis on the first day of each month, pending a final determination of the relief requested herein;

5.      Awarding landlord its reasonable attorneys' fees together with the costs and disbursements of this motion; and

6.      Granting landlord such other and further relief as this Court may deem just, proper and equitable under the circumstances.

Dated: New York, New York
       May 2, 2011

                              Yours, etc.,

                              SPERBER, DENEBERG & KAHAN, P.C.
                              Attorneys for Movant 152-134 ELIZABETH
                              STREET, LLC

                              By:_____
                                 JAMES C. MANTIA, ESQ
                                 JCM-9482
                                 48 West 37th Street
                                 16th Floor
                                 New York, New York 10018
                                 (917) 351-1335

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In Re:

BUZZ PARKING II, LLC,

                 Debtor.

-------------------------------------------------------X

Chapter - 11

Case No. 11-11782(ALG)

**AFFIDAVIT**

*STATE OF NEW YORK*    )
                            )ss.:
*COUNTY OF NEW YORK*    )

      RALPH COSTIGLIOLA, being duly sworn, hereby deposes and says as follows:

      1.      I am the managing agent 152-154 ELIZABETH STREET, L.L.C. (hereafter "Landlord"), owner of the subject building herein located at 14-24 Kenmare Street, New York, New York and in which Debtor is a tenant. I am fully familiar with the facts set forth herein.

      2.      I submit this affidavit in support of Landlord's application to vacate the automatic stay as to the Debtor upon the filing of the within Chapter 11 Bankruptcy Petition.

      3.      The lease between the Debtor and the landlord commenced on August 1 2006 and is to expire on July 31, 2026. A true copy of the lease is annexed hereto as **Exhibit "A"**.

      4.      Debtor has defaulted in payment of pre-petition rent and additional rent for the period from February 2010 through and including April 18, 2011 in the amount of $14,928.00 and post-petition rent and additional rent totaling $55,281.00 for the period of April 19, 2011 through May 30, 2011.

      5.      Thus, there is a total pre-petition rent and post-petition rent of $70,209.00 owed through May 2011. The base rent for the commercial space is $44,166.66 per month. A copy of the Landlord's rent history is annexed hereto as Exhibit "B".

6.      Movant has commenced a summary non-payment proceeding against the Debtor in the Civil Court of the City of New York, County of New York under index number 59328/10 (hereafter "non-payment proceeding"). A copy of the non-payment Petition is annexed hereto as Exhibit "C".

7.      The Debtor has failed to abide by the terms of the stipulation of settlement entered into between the parties on April 27, 2010 by failing to make ongoing payments provided by the agreement. A copy of the stipulation is annexed hereto as Exhibit "E".

8.      The Landlord has obtained a judgment against the Debtor pursuant to the stipulation (Exhibit "E") and a warrant of eviction which severs the landlord tenant relationship between the Landlord and the Debtor under state Law.

9.      The Debtor has not adequately protected the interests of the landlord as evidenced by its failure to make payments under the stipulation, the large amount of the arrears outstanding to the Landlord and due to Debtor's failure to pay post-petition rent.

10.     The Movant therefore requests that the automatic stay issued under the Bankruptcy Code be lifted in order to allow the Landlord to proceed with the state court nonpayment proceeding and to recover of possession of the premises based upon Debtor's failure to comply with the terms of the underlying stipulation.

WHEREFORE, the Landlord respectfully requests that the court grant the within

application by the Landlord to vacate the automatic stay as to the Debtor in its entirety and

allow the Landlord to continue its prosecution of the non-payment proceeding.

_____
RALPH COSTIGLIOLA

*Sworn to before me this*
_____ *day of May 201__*

STEVEN B. SPERBER
Notary Public, State of New York
No. 31-4736165
Westchester County
Commission Expires Jan. 31, 20__

_____
NOTARY PUBLIC